**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clarence Hill, ) | No. CV-07-0204-PHX-SMM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| John E. Potter, Post Mater General, United ) | |
| States Postal Service, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Currently pending before the Court is Defendant's Rule 12(c) Motion for Partial Judgment on the Pleadings (Doc. 32). Defendant does not seek dismissal of Plaintiff's allegations under the Rehabilitation Act concerning his requests for accommodation, disability discrimination, or alleged retaliation.[1] Defendant seeks only the dismissal of Plaintiff's claim filed under Title VII to the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) *et seq.* ("Title VII").[2] Defendant contends that Plaintiff's basis for his Title VII claim, the

---

[1]Plaintiff's counsel is advised that all future filings **must** comply with **all** Local Rules of Practice, Federal Rules of Civil Procedure, and all rules of this particular Court. More specifically, counsel shall pay particular attention to the filing requirements of LRCiv 7.1 pertaining to creating a PDF from a word processing program. Further noncompliance will result in the Court striking any documents not in compliance with any of the foregoing Rules.

[2]Defendant does not dispute that an employer's failure to accommodate its employees can be actionable under the Rehabilitation Act; Defendant does not, at this time, seek

alleged differentiation between Plaintiff and a Caucasian woman concerning accommodation requests, does not constitute an adverse employment action under Title VII. After careful consideration, the Court issues the following ruling.

## BACKGROUND

Plaintiff Clarence Edward Hill ("Mr. Hill" or "Plaintiff"), an African-American male, commenced this action on January 29, 2007, alleging violations of the Rehabilitation Act of 1973 and Title VII to the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). In his Complaint, Plaintiff alleges that he is qualified as disabled under the Rehabilitation Act of 1973 by virtue of his physical (respiratory) impairment.

At the time of the alleged discrimination, Mr. Hill was employed by the Postal Service as a building equipment mechanic whose duties required him at times to work in the Phoenix Postal facility's "battery room.[3]" (Amend. Comp. ¶ 15).[4] According to Plaintiff, the air quality in the battery room was "dangerous and detrimental to Plaintiff's health." (Amend. Comp. ¶ 23). Plaintiff made several requests that the air quality in the battery room be

---

dismissal of Plaintiff's reasonable accommodation Rehabilitation Act claim.

[3]The battery room is used to house batteries of various sizes for equipment utilized by the Postal Service. The room, on average, houses twenty (20) or more batteries, which may contain acid such as large quantities of corrosive electrolytes, sulfuric acid, or potassium hydroxide. When charging, the batteries emit gas or fumes that may be hazardous; and if the batteries overcharge, the result is acid boiling over creating a light airborne powder when it dries. When the dried acid is airborne, it may enter and burn the lungs in its original state- liquid. (Amend. Complaint. ¶ 22-23).

[4] Plaintiff filed an Amended Complaint on July 12, 2007 (Doc. 15), which is similar in all respects to his initial Complaint except for the deletion of claims against the Postal Service as a separate entity under the Americans with Disabilities Act and for punitive damages. All references to a Complaint herein shall refer to Plaintiff's Amended Complaint (Doc. 15), unless otherwise noted by the Court.

addressed and that accommodations be made for his disability. (Amend. Comp. ¶ 24-25). The Postal Service nevertheless failed to accommodate him therefor. (Amend. Comp. ¶ 21-38). Plaintiff contends that Defendant did, however, authorize a Caucasian female to opt out of her duties in the battery room as an accommodation to her health conditions, which were caused by the environmental dangers in the battery room. (Amend. Comp. ¶ 39-41). Specifically, Plaintiff alleged the following:

> Defendant's discrimination against Plaintiff included permitting a Caucasian female to opt out of her duties in the battery room as an accommodation to her health issues, which were caused by the environmental dangers in the battery room.

(Amend Comp. ¶ 41). As is evident from the face of the Complaint, even accepting all of Plaintiff's statements as true, the allegation fails to state a cognizable discrimination claim under Title VII.

## STANDARD OF REVIEW

Motions for judgment on the pleadings are governed by Federal Rule 12(c), which states, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Essentially, the standard for a 12(c) motion is the same as that for a a motion under 12(b)(6). *See* 2-12 Moore's Federal Practice - Civil § 12.38. Under Rule 12(b)(6), as with Rule 12(c), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Western Reserve Oil & Gas Co. v. New,* 765 F.2d 1428, 1430 (9th Cir. 1985). Thus, Plaintiff's allegations, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)). Dismissal for insufficiency of a pleading is proper if, on its face, the pleading fails to state a claim. *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980). If matters outside the pleading are considered, the district court must resolve the motion as one for summary judgment and dispose of it as provided in Fed. R. Civ. P. 56,

granting the motion only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(b)(6) and 56; *Cunningham v. Rothery,* 143 F.3d 546, 549 (9th Cir. 1998); *Rosales v. United States,* 824 F.2d 799, 802 (9th Cir. 1987).

## **DISCUSSION**

It is well established that claims for gender and race discrimination alleged under Title VII are analyzed pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and its progeny. Under *McDonnell Douglas*, a *prima facie* case for disparate treatment discrimination requires Plaintiff to show that: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his class were treated more favorably. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir.2000).

Despite successfully alleging that he is a member of a protected group and otherwise qualified for his position, Plaintiff wholly fails to allege the existence of an adverse employment action. Plaintiff alleges that Defendant's discriminatory conduct in violation of Title VII consisted of "permitting a caucasian [sic] female to opt out of her duties in the battery room as an accommodation to her health issues... caused by the environmental dangers in the battery room." (Amend. Comp. at ¶ 41). Even accepting Plaintiff's statement as true, as the Court is obligated to do under the Rules, the allegation fails to state a claim for discrimination under Title VII as it fails to allege a critical element under McDonnell Douglas, inter alia, Plaintiff fails to sufficiently allege an adverse employment action.

In *Burlington Indust. v. Ellerth*, 524 U.S. 742, 761 (1998), the Supreme Court defined an adverse employment action as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Burlington Indust. v. Ellerth*, 524 U.S. 742, 761 (1998). In the Ninth Circuit, in order to sufficiently plead the essential element of

adverse employment action in a Title VII discrimination claim, Plaintiff must allege that he suffered an employment action that negatively affected his pay, hours, responsibilities, benefits, or some term of employment. *Kortan v. California Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000)(no adverse employment action where plaintiff was not demoted, stripped of responsibilities, denied any raises, or received a reduction in salary or benefits).

Notwithstanding the foregoing, in the pending matter, Plaintiff repeatedly points to *Williams v. Philadelphia Housing Authority Police Dept,* a case out of the Third Circuit, to argue that "failure to accommodate" amounts to an adverse employment action under Title VII. The Court in *Williams* explained, "[th]e ADA specifically provides that an employer "discriminates" against a qualified individual with a disability when the employer does 'not mak[e] reasonable accommodations to the known physical or mental limitations of the individual unless the [employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the [employer].' " *Williams v. Philadelphia Housing Authority Police Dept*., 380 F.3d 751, 761 (3d. Cir. 2004), cert. denied, 544 S. Ct. 961 (2005). The Court has difficulty with this analysis for two distinct reasons. First, this Court is bound only by Ninth Circuit authority, and thus not bound by the foregoing Third Circuit authority. Second, as explained earlier, Defendant is not seeking to dismiss any claim under the ADA. Defendant is arguing, and the Court agrees, that Plaintiff's assertion that the Postal Service failed to accommodate his respiratory impairment does not amount to adverse employment action under **Title VII**. Therefore, the ADA and any corresponding analysis is irrelevant to the pending matter. Consequently, *Williams* is equally irrelevant and inapplicable to the pending matter. Nevertheless, as pointed out by Plaintiff, such allegations remain sufficient for his claims under the Rehabilitation Act.

Defendant seeks only to dismiss the claim filed under Title VII, based only on the failure of Plaintiff to allege an adverse employment action, thus, it is not necessary for the Court to address any other claims in the Plaintiff's Complaint. Accordingly, Defendant's

- 5 -

Motion for Partial Judgment on the Pleadings is **GRANTED** for Plaintiff's failure to adequately allege an adverse employment action under Title VII.

**IT IS THEREFORE ORDERED GRANTING** Defendant's Motion for Partial Judgment on the Pleadings (Doc. 32).

**IT IS FURTHER ORDERED** that Plaintiff's Title VII discrimination claims (Counts III-IV of the Amended Complaint)(Doc.1) are hereby **DISMISSED WITHOUT PREJUDICE**.

DATED this 17th day of April, 2008.

Stephen M. McNamee
United States District Judge